**Michelle Barton Smigel, P.C.**, OSB No. 045530
michelle.smigel@millernash.com
**Sharae M. Wheeler**, OSB No. 115525
sharae.wheeler@millernash.com
MILLER NASH GRAHAM & DUNN LLP
3400 U.S. Bancorp Tower
111 S.W. Fifth Avenue
Portland, Oregon  97204
Telephone:  (503) 224-5858
Fax:  (503) 224-0155

*Attorneys for Defendant*
*Southern New Hampshire University*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **MELISSA FIRESIDE**, | Case No. 3:17-CV-00234-YY |
| Plaintiff, | |
| v. | DEFENDANT'S MOTION TO DISMISS |
| **COLLEGE FOR AMERICA, SOUTHERN NEW HAMPSHIRE UNIVERSITY**, a New Hampshire non-profit educational institution, | **ORAL ARGUMENT REQUESTED** |
| Defendant. | |

Defendant's Motion to Dismiss

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

4814-2442-5795.1

# TABLE OF CONTENTS

**Page**

LR 7.1 CERTIFICATE ...................................................................................................... 1

I.      MOTION AND RELIEF REQUESTED ................................................................ 1

II.     INTRODUCTION ................................................................................................... 1

III.    STATEMENT OF FACTS ..................................................................................... 2

       A.      SNHU IS LOCATED IN NEW ENGLAND ................................................ 2

       B.      PLAINTIFF APPLIES FOR TWO POSITIONS AT SNHU IN TWO
                 SEPARATE BUSINESS UNITS ................................................................. 3

IV.    ARGUMENT ........................................................................................................... 6

       A.      MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION ........... 6

              1.     Legal Standard ........................................................................... 6

              2.     The Court Does Not Have General Personal Jurisdiction Over
                   SNHU ........................................................................................... 7

                     a.     A defendant must be at home in the forum to establish
                           general personal jurisdiction ..................................... 7

                     b.     SNHU is not "at Home" in Oregon ................................. 8

              3.     The Court Does Not Have Specific Personal Jurisdiction Over
                   SNHU ........................................................................................... 9

                     a.     To assert specific jurisdiction, a defendant's litigation-
                           related conduct must create sufficient contacts with the
                           forum ....................................................................... 9

                     b.     SNHU did not purposefully direct its litigation-related
                           conduct at Oregon .................................................... 10

                       c.     Plaintiff cannot establish that litigation of plaintiff's claims
                           in Oregon was reasonably foreseeable to SNHU ......... 15

                     d.     The assertion of personal jurisdiction over SNHU would be
                           unreasonable and inconsistent with due process ......... 16

                4.     Amendment of the Complaint Would Be Futile ...................... 18

       B.      MOTION TO TRANSFER VENUE ................................................. 18

V.     CONCLUSION ...................................................................................................... 19

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

# TABLE OF AUTHORITIES

Page

CASES

*Amba Mktg. Sys., Inc. v. Jobar Int'l, Inc.,*
    551 F2d 784 (9th Cir 1977) ..................................................................6

*AT & T Co. v. Compagnie Bruxelles Lambert,*
    94 F3d 586 (9th Cir 1996) ...................................................................6

*Ballard v. Savage,*
    65 F3d 1495 (9th Cir 1995) .................................................................6

*Calder v. Jones,*
    465 US 783, 104 S Ct 1482, 79 L Ed 2d 804 (1984)....................7, 18, 19

*CollegeSource, Inc. v. AcademyOne, Inc.,*
    653 F3d 1066 (9th Cir 2011) ...............................................................10

*Control Solutions, Inc. v. MicroDAQ.com, Inc.,*
    126 F Supp 3d 1182, 1188 (D Or 2015) .............................................6, 8

*Daimler AG v. Bauman,*
    ___ US ___, 134 S Ct 746, 187 L Ed 2d 624 (2014)........................7, 8

*FiLaser, Inc. v. Kinestral Tech., Inc.,*
    No. 3:14-CV-00357-MO, 2014 WL 3546946 (D Or July 15, 2014)......................14

*Fiore v. Walden,*
    688 F3d 558 (9th Cir 2011) .................................................................11

*Goodyear Dunlop Tires Operations, S.A. v. Brown,*
    564 US 915, 131 S Ct 2846, 180 L Ed 2d 796 (2011).........................7

*Hudson v. Diversified Consultants, Inc.,*
    No. 6:16–CV–01252–TC, 2016 WL 6434971 (D Or Oct. 25, 2016) ....................19

*Int'l Shoe Co. v. Washington,*
    326 US 310, 66 S Ct 154, 90 L Ed 95 (1945)......................................6

*Jones v. GNC Franchising, Inc.,*
    211 F3d 495 (9th Cir 2000) .................................................................18

*Keeton v. Hustler Magazine, Inc.,*
    465 US 770, 104 S Ct 1473, 79 L Ed 2d 790 (1984).........................9

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

4814-2442-5795.1

# <u>TABLE OF AUTHORITIES</u>

**Page**

*Menken v. Emm*,
    503 F3d 1050 (9th Cir 2007) ................................................................15

*Osborne v. Beacon Hill Staffing Grp.*,
    No. 3:13-CV-3820-L, 2014 WL 1724479 (ND Tex Apr. 30, 2014) .......................14

*Panavision Int'l, L.P. v. Toeppen*,
    141 F3d 1316 (9th Cir 1998) ................................................................16

*Patterson v. Dietze, Inc.*,
    764 F.2d 1145 (5th Cir. 1985) ...............................................................13

*Picot v. Weston*,
    780 F3d 1206 (9th Cir 2015) ........................................................9, 10, 11, 12, 13

*Robinson v. Harley-Davidson Motor Co.*,
    354 Or 572, 316 P3d 287 (2013) .............................................................15

*Schwarzenegger v. Fred Martin Motor Co.*,
    374 F3d 797 (9th Cir 2004) .................................................................6, 7

*Sciortino v. CMG Capital Mgmt. Grp., Inc.*,
    No. 16-11012, 2016 WL 4799099 (ED La Sept. 14, 2016), *appeal filed*
    (Oct. 18, 2016), *dismissed by stipulation of the parties* (Dec. 30, 2016) ...................12, 13, 14

*Shaffer v. Heitner*,
    433 US 186, 97 S Ct 2569, 53 L Ed 2d 683 (1977)...............................................9

*Walden v. Fiore*,
    ___ US ___, 134 S Ct 1115, 188 L Ed 2d 12 (2014)...............................7, 9, 10, 11, 12, 13, 14

**STATUTES**

28 USC § 1391(b) ...........................................................................19

28 USC § 1404..............................................................................1

28 USC § 1404(a) ..........................................................................2, 18

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

## LR 7.1 CERTIFICATE

In compliance with Local Rule 7-1, counsel for defendant certifies that she contacted counsel for plaintiff and made a good-faith effort to resolve the dispute, but that the parties were not able to agree.

### I.     MOTION AND RELIEF REQUESTED

In accordance with Fed R Civ P 12(b)(2), defendant Southern New Hampshire University ("SNHU") moves to dismiss the Complaint because the Court does not have personal jurisdiction over SNHU.  Alternatively, SNHU moves to transfer venue of this matter to the District Court for the District of New Hampshire under 28 USC § 1404 because New Hampshire is a more convenient forum. *See also* Fed R Civ P 12(b)(3). This motion is supported by the declarations of Jennifer Batchelor, Brian Donaldson, Julie-ann Edwards, Michelle Hill, Barbara Lesniak, Thomas MacCarty, Katie Mantenuto, Brooke Morin, Joseph Sergi, and James A. Whitmore.

### II.     INTRODUCTION

The Complaint should be dismissed against SNHU because the Court does not have general or specific jurisdiction over SNHU, a New Hampshire university.  SNHU is located in New England—in addition to SNHU's main campus in Manchester, New Hampshire, SNHU has four regional centers located in New Hampshire and Maine.  Declaration of Joseph Sergi in Support of Defendant's Motion to Dismiss ("Sergi Decl.") ¶ 4.  SNHU is incorporated in New Hampshire.  Sergi Decl. at ¶ 3.  SNHU does not have contacts with Oregon such that this Court may assert general jurisdiction over it.  Further, the Court does not have specific jurisdiction because SNHU did not purposefully direct its conduct toward Oregon.  Plaintiff's lawsuit is based on plaintiff applying for two "virtual" positions at SNHU that could be performed remotely from anywhere that plaintiff chose.  Plaintiff, an Oregon resident, directed her activities toward SNHU by applying for those two "virtual" positions, and SNHU made decisions about

Page 1 -     Defendant's Motion to Dismiss

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

4814-2442-5795.1

those applications from outside the state of Oregon.  Such actions do not provide this Court with personal jurisdiction over SNHU.  The Complaint should therefore be dismissed with prejudice.

In the alternative, if the Court finds that it may exercise personal jurisdiction over SNHU, in the interest of justice, the court should transfer this matter to the District Court for the District of New Hampshire because it is a more convenient forum.  *See* 28 USC § 1404(a).

### III.    STATEMENT OF FACTS

### A.    SNHU IS LOCATED IN NEW ENGLAND

SNHU is a private non-profit university incorporated and based in New Hampshire, which provides courses for students to earn undergraduate and graduate degrees and complete certificate programs.  Sergi Decl. ¶ 3; Complaint ¶ 2.  It maintains no offices in Oregon; it does not own, rent, or lease any property in Oregon; it does not have an Oregon address or telephone number; and it does not have a registered agent in Oregon.  Sergi Decl. ¶ 4.  SNHU's main campus, along with its principle offices, administration, and directors, are in New Hampshire.  Sergi Decl. ¶ 4.  In addition to SNHU's main campus in Manchester, New Hampshire, SNHU has four regional centers located in New Hampshire and Maine.  Sergi Decl. ¶ 4.  Like many other colleges and universities, SNHU also hosts a website available to students who take online courses, and those students can log into their courses wherever they are located in the world.  Sergi Decl. ¶ 5.  Students take SNHU online courses in all 50 states, including Oregon.  Sergi Decl. ¶ 5.  Students who take courses online are billed through their online profiles and submit electronic payments directly to SNHU in New Hampshire.  Sergi Decl. ¶ 5.  SNHU does not provide any in-person classes in Oregon.  Sergi Decl. ¶ 4.  Less than one percent (64 employees) of SNHU's current total workforce (9,281 employees) chooses to work remotely from Oregon in "virtual" positions that can be performed anywhere in the United States[1].  Declaration of Katie Mantenuto in Support of Defendant's Motion to Dismiss ("Mantenuto

---

[1] Thus, SNHU pays some payroll taxes in Oregon.  Mantenuto Decl. ¶¶ 3-4.

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

4814-2442-5795.1

Decl.") ¶¶ 3-4. These employees perform their work through an online portal that they can log into wherever they are located. Mantenuto Decl. ¶ 4. In fiscal year 2016, less than one percent of SNHU's total reported revenue of $581,366,224 was generated in the state of Oregon ($3,119,185). Declaration of Brian Donaldson ("Donaldson Decl.") ¶¶ 3-4. As is true for many states, SNHU is registered as an out of state charitable organization in Oregon, but SNHU is not registered with the Secretary of State in Oregon. Sergi Decl. ¶ 6. Appropriately, the Complaint does not allege that the Court has personal jurisdiction over SNHU.

## B.   PLAINTIFF APPLIES FOR TWO POSITIONS AT SNHU IN TWO SEPARATE BUSINESS UNITS

On September 14, 2015, plaintiff began working remotely as a part-time reviewer in SNHU's College For America ("CFA") business unit. Declaration of James A. Whitmore in Support of Defendant's Motion to Dismiss ("Whitmore Decl.") ¶ 3. The reviewer position is a "virtual" position that can be performed from any location in the United States using a web portal and a reviewer may change locations at any time. Whitmore Decl. ¶ 3. The position involves reviewing student materials from students engaged in distance learning from locations across the country. Whitmore Decl. ¶ 3. Plaintiff chooses to perform the position from Oregon. *See* Whitmore Decl. ¶ 3.

In December 2015, SNHU had five open full-time Assessment Team Lead positions in five disciplines ((1) mass media, journalism, media literacy and persuasion, and design thinking; (2) social science and interpersonal communication; (3) advertising, marketing, public relations, social media, multi-media creation; (4) psychology, ethics; and (5) business operations) that were open to internal applicants. Declaration of Julie-ann Edwards in Support of Defendant's Motion to Dismiss ("Edwards Decl.") ¶ 4. On December 18, 2015, SNHU sent an e-mail to CFA reviewers in multiple states announcing the open positions. Edwards Decl. ¶ 4, Ex. 1.[2] SNHU did not direct its hiring efforts toward Oregon. Edwards Decl. ¶ 4. Rather,

---

[2] Exhibit 1 to Julie-ann Edwards' declaration has been redacted for attorney-client privileged information.

Page 3 -   Defendant's Motion to Dismiss

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204

4814-2442-5795.1

because those positions are "virtual" positions that could be performed remotely from any state using a web portal, SNHU CFA reviewers in any state were eligible to apply. Edwards Decl. ¶ 4. Because SNHU did not target Oregon in its hiring efforts, it would not have known that plaintiff was from Oregon unless and until it read that fact in her application materials. 76 individuals from at least 33 different states applied for the positions. Whitmore Decl. ¶ 4. Plaintiff was the only applicant from Oregon. Whitmore Decl. ¶ 4.

Applicants for the Team Lead positions were identified as eligible for each of the relevant positions based on their individual qualifications in the specific disciplines. Edwards Decl. ¶ 5. Of 76 applicants, 13 people, including plaintiff, were identified as candidates for the "psychology, ethics" position. Edwards Decl. ¶ 6. Julie-ann Edwards, Director of Academic Operations, who worked from New Hampshire in December 2015 and January 2016, and five other SNHU employees who all worked outside of Oregon, selected six potential candidates to interview for the psychology, ethics position. Edwards Decl. ¶¶ 2 & 7. Plaintiff was selected for an interview, and on January 14, 2016, Ms. Edwards conducted a telephone interview of plaintiff from New Hampshire. Edwards Decl. ¶¶ 7 & 8. Ms. Edwards also conducted telephone interviews of the five other psychology, ethics position candidates from New Hampshire. Edwards Decl. ¶ 8. Plaintiff was not selected for the position because another candidate's qualifications best suited the position. Edwards Decl. ¶ 9. In January 2016, Ms. Edwards called plaintiff from New Hampshire to inform her that she had not been selected for the position. Edwards Decl. ¶ 10. The candidate selected for the psychology, ethics Team Lead position works from Florida. Edwards Decl. ¶ 9.

In April 2016, SNHU posted a full-time Faculty Lead-Psychology position in a different business unit—SNHU's College of Online and Continuing Education ("COCE").[3]

---

[3] SNHU has a number of business units, including CFA and the COCE. CFA partners with employer business partners to offer relevant degrees for their employees. COCE is a program that directly enrolls students to participate in distance learning through online courses. CFA and COCE employ separate faculty, have a different student base, and functioned as entirely separate programs at the times relevant to this case. Sergi Decl. ¶ 7.

Page 4 -    Defendant's Motion to Dismiss

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

4814-2442-5795.1

Declaration of Brooke Morin in Support of Defendant's Motion to Dismiss ("Morin Decl.") ¶ 3.

This position was open to both internal and external applicants and was posted online.

Morin Decl. ¶ 3.  SNHU did not direct its hiring efforts toward Oregon—because the position is

a "virtual" position, it could be performed remotely from any state.  Morin Decl. ¶ 3.  Plaintiff

was one of 67 applicants for the position from at least 24 different states and was the only

candidate who listed an address in Oregon.  Morin Decl. ¶ 4.  Again, because SNHU did not

target Oregon in its hiring efforts, it would not have known that plaintiff was from Oregon unless

and until it read that fact in her materials.

          The search committee for the Faculty Lead-Psychology position consisted of four

different SNHU employees, all of whom performed their responsibilities outside Oregon.

Declaration of Jennifer Batchelor in Support of Defendant's Motion to Dismiss ("Batchelor

Decl.") ¶ 2-3; Declaration of Michelle Hill in Support of Defendant's Motion to Dismiss

("Hill Decl.") ¶ 2-4; Declaration of Thomas MacCarty in Support of Defendant's Motion to

Dismiss ("MacCarty Decl.") ¶ 2-4; Declaration of Barbara Lesniak in Support of Defendant's

Motion to Dismiss ("Lesniak Decl.") ¶ 2-4.  All applications were screened by Dr. Hill in New

Hampshire.  Hill Decl. ¶ 5.  Dr. Hill then discussed her comments with Dr. Batchelor in New

Hampshire.  Hill Decl. ¶ 5.  In New Hampshire, Dr. Hill and Dr. Batchelor agreed on ten

candidates who should move forward with the process, one of whom was plaintiff.  Hill Decl.

¶ 5.  From the 10 candidates, Dr. Hill, Dr. Lesniak, and Dr. MacCarty each identified their top

five candidates independently.  Hill Decl. ¶ 6.  Dr. Hill then reviewed each of the candidate lists

and the five candidates who received two votes were moved forward to the interview phase.  Hill

Decl. ¶ 6.  Dr. Hill participated in this process from New Hampshire and Dr. Lesniak and

Dr. MacCarty participated in this process from Florida and Vermont, respectively.  Hill Decl.

¶ 6; Lesniak Decl. ¶ 4; MacCarty Decl. ¶ 4.  On August 1, 2016, plaintiff was informed by e-mail

that she had not been selected for the position.  Morin Decl. ¶ 4.  The candidate who was selected

for the position works from Pennsylvania.  Batchelor Decl. ¶ 7.

Page 5 -    Defendant's Motion to Dismiss

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204                                    4814-2442-5795.1

## IV.    ARGUMENT

### A.    MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

#### 1.    Legal Standard.

A plaintiff has the burden to establish the court's personal jurisdiction over a defendant. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F3d 797, 800 (9th Cir 2004). To establish a prima facie showing of personal jurisdiction, the plaintiff must provide facts, which if believed, would support the court's exercise of jurisdiction over the defendant. *Ballard v. Savage*, 65 F3d 1495, 1498 (9th Cir 1995). The court need not accept the plaintiff's bare allegations if the defendant controverts them with evidence. *See AT & T Co. v. Compagnie Bruxelles Lambert*, 94 F3d 586, 588 (9th Cir 1996), *opinion supplemented by* 95 F3d 1156 (Aug 28, 1996). Further, the plaintiff cannot "simply rest on the bare allegations of its complaint, but rather [is] obligated to come forward with facts, by affidavit or otherwise, supporting personal jurisdiction." *Amba Mktg. Sys., Inc. v. Jobar Int'l, Inc.*, 551 F2d 784, 787 (9th Cir 1977).

Personal jurisdiction over a nonresident defendant, such as SNHU, is limited by the Due Process Clause of the Fourteenth Amendment. *Int'l Shoe Co. v. Washington*, 326 US 310, 316, 66 S Ct 154, 90 L Ed 95 (1945). Because Oregon's long-arm statute is coextensive with federal due process, the state-law jurisdictional analysis is the same as the federal due process analysis. *See Control Solutions, Inc. v. MicroDAQ.com, Inc.*, 126 F Supp 3d 1182, 1188 (D Or 2015). Federal due process requires that a defendant have sufficient "minimum contacts" with the forum state so that the exercise of personal jurisdiction will not offend "traditional notions of fair play and substantial justice." *Int'l Shoe*, 326 US at 316 (internal quotation marks and citation omitted).

Page 6 -    Defendant's Motion to Dismiss

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

4814-2442-5795.1

There are two kinds of personal jurisdiction:  general and specific.

*Schwarzenegger*, 374 F3d at 800.  In recent years, the Supreme Court has significantly limited

the circumstances under which both forms of personal jurisdiction may be asserted over

nonresident defendants.  *See Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 US 915,

919, 131 S Ct 2846, 180 L Ed 2d 796 (2011) (recognizing that "[a] court may assert general

jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims

against them when their affiliations with the State are so 'continuous and systematic' *as to render*

*them essentially at home in the forum State*") (emphasis added); *Daimler AG v. Bauman*,

___ US ___, 134 S Ct 746, 760-61, n.19, 187 L Ed 2d 624 (2014) (applying the *Goodyear* "at

home" standard and noting that finding a corporation at home outside its place of incorporation

or its principal place of business would be "an exceptional case"); *Walden v. Fiore*, ___ US ___,

134 S Ct 1115, 1126, 188 L Ed 2d 12 (2014) (holding that "[t]he proper focus of the [specific

jurisdiction] 'minimum contacts' inquiry in intentional-tort cases is "'the relationship among the

defendant, the forum, and the litigation."'  And it is the defendant, not the plaintiff or third

parties, who must create contacts with the forum State.") (quoting *Calder v. Jones*, 465 US 783,

788, 104 S Ct 1482, 79 L Ed 2d 804 (1984) (internal citations in *Calder* omitted)).

    **2.**    **The Court Does Not Have General Personal Jurisdiction Over SNHU.**

        a.    <u>A defendant must be at home in the forum to establish general</u>
               <u>personal jurisdiction</u>.

A court may assert general personal jurisdiction over an out-of-state

corporation "only when the corporation's affiliations with the State in which suit is brought are so

constant and pervasive 'as to render [it] essentially at home in the forum State.'" *Daimler AG*,

134 S Ct at 751 (quoting *Goodyear*, 564 US at 919).  The Supreme Court has explained that the

"paradigm" all-purpose forums for general jurisdiction are a corporation's place of incorporation

and principal place of business.  *Daimler AG*, 134 S Ct at 760-61.  Where, as here, those

paradigm bases are not present in the forum, "for a district court's exercise of general personal

Page 7 -    Defendant's Motion to Dismiss

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

4814-2442-5795.1

jurisdiction over [a defendant] to be proper, [the defendant's] general business contacts with that state must be so continuous and systematic 'as, to render it essentially at home' there."  *Control Solutions, Inc. v. MicroDAQ.com, Inc.*, 126 F Supp 3d 1188 (D Or 2015) (quoting *Daimler AG*, 134 S Ct at 761).  As explained in *Control Solutions*:

> "The United States Supreme Court has emphasized that general personal jurisdiction under such circumstances would be 'an exceptional case,' [*Daimler AG*] 134 S Ct at 761 n. 19, and should be based not 'solely on the magnitude of the defendant's in-state contacts' but rather on 'an appraisal of a corporation's activities in their entirety, nationwide and worldwide,' *id.* at 762 n. 20; *see also id.* ('[a] corporation that operates in many places can scarcely be deemed at home in all of them')."  126 F Supp 3d at 1189.

        b.     <u>SNHU is not "at Home" in Oregon.</u>

SNHU is not incorporated in Oregon, SNHU does not have its principal place of business in Oregon, and plaintiff cannot demonstrate that SNHU is an "exceptional case" that is somehow otherwise at home in Oregon.  *See* Sergi Decl. ¶¶ 3-5.  Plaintiff's factual allegations fail to show any "constant or pervasive" contact between SNHU and Oregon that would "approximate physical presence in the forum state" or render SNHU "at home" in Oregon. SNHU does not own, rent, or lease property in Oregon; it has no offices in Oregon; it does not have a registered agent in Oregon; it does not have any bank accounts in Oregon; and it does not have an Oregon telephone number or address.  Sergi Decl. ¶ 4.  SNHU's administration, general counsel, directors, and officers are in New Hampshire.  Sergi Decl. ¶ 4.  And any contacts that SNHU does have with Oregon are insubstantial and do not render SNHU "at home" in Oregon. *See Control Solutions*, 126 F Supp 3d at 1189-90 (when viewed globally, the fact that 1.6 percent of the defendant's sales were made in Oregon—mostly to Oregon municipalities subject to state regulatory law—did not confer general jurisdiction over the defendant).  Therefore, the Court does not have general jurisdiction over SNHU.

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

4814-2442-5795.1

3.    **The Court Does Not Have Specific Personal Jurisdiction Over SNHU.**

a.    <u>To assert specific jurisdiction, a defendant's litigation-related conduct must create sufficient contacts with the forum</u>.

For a court to have specific personal jurisdiction over a defendant, "the defendant's suit-related conduct must create a substantial connection with the forum State." *Walden*, 134 S Ct at 1121. "The inquiry whether a forum State may assert specific jurisdiction over a nonresident defendant 'focuses on "the relationship among the defendant, the forum, and the litigation."'" *Id.* (quoting *Keeton v. Hustler Magazine, Inc.*, 465 US 770, 775, 104 S Ct 1473, 79 L Ed 2d 790 (1984) (quoting *Shaffer v. Heitner*, 433 US 186, 204, 97 S Ct 2569, 53 L Ed 2d 683 (1977))). The defendant's relationship with the forum "must arise out of contacts that the 'defendant *himself*' creates with the forum State" and the "'minimum contacts' analysis looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." *Walden*, 134 S Ct at 1122 (quoting *Burger King*, 471 US at 475).

Guided by the principles of *Walden*, the Ninth Circuit applies a three-pronged test for analyzing whether specific jurisdiction exists:

"(1)  The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;

"(2)  the claim must be one which arises out of or relates to the defendant's forum-related activities; and

"(3)  the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable." *Picot v. Weston*, 780 F3d 1206, 1211 (9th Cir 2015) (internal quotation marks and citation omitted).

It is the plaintiff's burden to prove each of the first two prongs. *Picot*, 780 F3d at 1211. If the plaintiff overcomes that burden, the defendant must "set forth a 'compelling case' that the exercise of jurisdiction would not be reasonable." *Picot*, 780 F3d at 1211-12 (quoting

Page 9 -    Defendant's Motion to Dismiss

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

4814-2442-5795.1

*CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F3d 1066, 1076 (9th Cir 2011) (internal quotation marks and citation in *CollegeSource* omitted).

       b.      <u>SNHU did not purposefully direct its litigation-related conduct at Oregon</u>.

For tort claims, plaintiff must first demonstrate that SNHU "purposefully directed [its] activities at the forum," which the Ninth Circuit analyzes by applying a "three-part 'effects' test." *Picot*, 780 F3d at 1213-14. To satisfy that effects test, the plaintiff must establish that the defendant "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." 780 F3d at 1214 (internal quotation marks and citations omitted). As the Ninth Circuit recognized in *Picot*, the Supreme Court's decision in *Walden* guides a court's implementation of the effects test. *See Picot*, 780 F3d at 1214-15. First, in applying the test, a court "must 'look[ ] to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there.'" *Picot*, 780 F3d at 1214 (quoting *Walden*, 134 S Ct at 1122). And "a 'mere injury to a forum resident is not a sufficient connection to the forum.'" *Picot*, 780 F3d at 1214 (quoting *Walden*, 134 S Ct at 1125). Further, "'an injury is jurisdictionally relevant only insofar as it shows that the defendant has formed a contact with the *forum State*.'" *Picot*, 780 F3d at 1214 (quoting *Walden*, 134 S Ct at 1125) (emphasis added).

*Walden* is instructive in this case. There, a Georgia police officer deputized by the Drug Enforcement Agency seized money from two professional gamblers, who were residents of California and Nevada, and allegedly helped prepare a false and misleading affidavit in Georgia showing probable cause for the seizure. *Walden*, 134 S Ct at 1119-20. The gamblers filed a lawsuit in Nevada, alleging Fourth Amendment violations against the Georgia officer. 134 S Ct at 1120. The district court held that it did not have personal jurisdiction over the officer, but the Ninth Circuit reversed, finding that the "District Court could properly exercise jurisdiction over 'the false probable cause affidavit aspect of the case'" because the officer had

Page 10 -   Defendant's Motion to Dismiss

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

4814-2442-5795.1

"'expressly aimed' his submission of the allegedly false affidavit at Nevada by submitting the affidavit with knowledge that it would affect persons with a 'significant connection' to Nevada." *Id.* (quoting *Fiore v. Walden*, 688 F3d 558, 577, 581 (9th Cir 2011)).

   The Supreme Court reversed the Ninth Circuit's decision, finding that that "approach to the 'minimum contacts' analysis impermissibly allows a plaintiff's contacts with the defendant and forum to drive the jurisdictional analysis." *Walden*, 134 S Ct at 1125.  The Court explained that the Georgia officer lacked "the 'minimal contacts' with Nevada that are a prerequisite to the exercise of jurisdiction over him." *Walden*, 134 S Ct at 1124.  The Court recognized that "[i]t is undisputed that no part of petitioner's course of conduct occurred in Nevada.  * * *  Petitioner never traveled to, conducted activities within, contacted anyone in, or sent anything or anyone to Nevada.  In short, when viewed through the proper lens—whether the *defendant's* actions connect him to the *forum*—petitioner formed no jurisdictionally relevant contacts with Nevada."  *Id.*  Thus:

> "Petitioner's actions in Georgia did not create sufficient contacts with Nevada simply because he allegedly directed his conduct at plaintiffs whom he knew had Nevada connections.  Such reasoning improperly attributes a plaintiff's forum connections to the defendant and makes those connections 'decisive' in the jurisdictional analysis.  See *Rush* [*v. Savchuk*, 444 US 320, 332, 100 S Ct 571, 62 L Ed 2d 516 (1980)].  It also obscures the reality that none of petitioner's challenged conduct had anything to do with Nevada itself."  *Walden*, 134 S Ct at 1125.

Finally, in response to the plaintiffs' argument that they intended to utilize the funds in Nevada, the court found that the injury itself—the seizure of funds—had no meaningful connection to Nevada because the plaintiffs "would have experienced this same lack of access in California, Mississippi, or wherever else they might have traveled and found themselves wanting more money than they had." *Walden*, 134 S Ct at 1125.

   In 2015, the Ninth Circuit applied the *Walden* decision in determining that a defendant's alleged intentional interference with a contract was not directed toward California. *Picot*, 780 F3d at 1214-15.  In *Picot*, the defendant, a Michigan resident, allegedly made

Page 11 -   Defendant's Motion to Dismiss

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

4814-2442-5795.1

"statements to Coats (an Ohio resident) that caused HMR (a Delaware corporation with offices in Ohio) to cease making payments into two trusts (in Wyoming and Australia)" that would benefit the plaintiff, a California resident. 780 F3d at 1215. The defendant "did all this from his residence in Michigan, without entering California, contacting any person in California, or otherwise reaching out to California." *Id.* The plaintiff argued that the Michigan resident had expressly aimed his conduct at California because the defendant targeted the plaintiff, who was a California resident. 780 F3d at 1214. The Ninth Circuit explained, however, that "none of [Weston's] challenged conduct had anything to do with [California] itself." 780 F3d at 1215 (internal quotation marks and citation omitted). And like the plaintiffs in *Walden*, the plaintiff's injury—the lack of out-of-state funds—was "not tethered to California in any meaningful way. Rather, [the California resident's] injury [was] entirely personal to him and would follow him wherever he might choose to live or travel." *Id.* Thus, the Ninth Circuit held that the plaintiff failed to make a prima facie showing of specific personal jurisdiction. *Id.*

A recent case out of the Eastern District of Louisiana also highlights how the *Walden* decision requires courts to shift their analysis away from the defendant's contacts *to the plaintiff* and focus it toward the defendant's connection *to the forum*. *See Sciortino v. CMG Capital Mgmt. Grp., Inc.*, No. 16-11012, 2016 WL 4799099 (ED La Sept. 14, 2016), *appeal filed* (Oct. 18, 2016), *dismissed by stipulation of the parties* (Dec. 30, 2016). In *Sciortino*, the plaintiff, an employee of a Pennsylvania corporation, primarily worked remotely from his home in Louisiana. After his termination, the plaintiff brought claims against his employer in Louisiana, alleging a failure to pay owed wages, vacation, and personal days under the Louisiana Wage Payment Act and seeking declaratory relief regarding issues related to a book he had written while in Louisiana. 2016 WL 4799099, at *1. The court first recognized that "all of the plaintiff's claims relate to the same alleged forum contacts of [the defendant]: that is, [plaintiff's] physical presence in Louisiana while employed by [defendant]." 2016 WL 4799099, at *4. But the court found that "[w]hat is absent from the plaintiff's specific jurisdiction theory is precisely

Page 12 -    Defendant's Motion to Dismiss

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

4814-2442-5795.1

what settled specific jurisdiction doctrine demands:  the defendant purposefully directing its activities toward Louisiana such that it might reasonably expect to be haled into court here." *Id.* After evaluating the facts surrounding the employment relationship, the court held that the employee's mere presence in Louisiana was not enough to bestow specific personal jurisdiction on the defendant.  The court elaborated:

> "That CMG had an employment arrangement with a resident of Louisiana does not satisfy the purposeful availment requirement, which cannot merely be inferred from 'the mere fortuity that the plaintiff happens to be a resident of the forum.' *Patterson v. Dietze, Inc.*, 764 F.2d 1145, 1147-48 (5th Cir. 1985).  There is no evidence or suggestion that, by acquiescing to its employee's wish to work primarily remotely from Louisiana more often than working from CMG's Pennsylvania offices, CMG purposefully availed itself of the privilege of conducting business in Louisiana, invoking the benefits and protections of its laws.  To the contrary, nothing in the plaintiff's allegations or in the record supports a finding that CMG opened up a Louisiana office or a 'CMG outpost' at Mr. Sciortino's house.  No CMG employee ever traveled to Louisiana before or during Mr. Sciortino's employment with CMG.  Mr. Sciortino reported to Mr. Grzwacz in Pennsylvania and those CMG employees Mr. Sciortino managed were at all times located in Pennsylvania."  2016 WL 4799099, at *6 (footnote omitted).

Similar to the situations in *Picot*, *Walden*, and *Sciortino*, the plaintiff—because she chooses to live in Oregon—is the only contact relevant to this litigation that connects SNHU to Oregon.  That is, plaintiff applied for two virtual positions with SNHU that could be performed remotely from any location in the United States and SNHU hired other people for those positions.  Neither the positions themselves nor the recruiting for those positions was targeted toward Oregon.  Plaintiff was the only person who applied for those positions who listed an Oregon address, and candidates from outside Oregon were selected for both positions. Edwards Decl. ¶ 9; Morin Decl. ¶ 4; Batchelor Declaration ¶ 7; Whitmore Decl. ¶ 4.  For one position, SNHU personnel interviewed plaintiff by telephone from outside the state of Oregon. Edwards Decl. ¶ 8.  SNHU employees who participated in the candidate selection processes performed their roles outside of Oregon.  Edwards Decl. ¶¶ 7-10; Hill Decl.  ¶¶ 2-6; Lesniak

Page 13 -    Defendant's Motion to Dismiss

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

4814-2442-5795.1

Decl. ¶¶ 2-4; Batchelor Decl. ¶¶ 5-6; MacCarty Decl. ¶ 2-4.  SNHU hired individuals who work from outside of Oregon.  Edwards Decl. ¶ 9; Batchelor Declaration ¶ 7.  The only connection to Oregon is the fact that plaintiff lived there and decided to apply for those positions.  Such "random, fortuitous, or attenuated contacts" with the forum do not confer jurisdiction.  *See Walden*, 134 S Ct at 1123 (internal quotation marks and citation omitted).

In fact, if plaintiff was not a resident of Oregon, the selection processes for those positions would have had no connection to Oregon whatsoever.  Thus, SNHU did not purposefully direct its conduct toward Oregon or purposefully avail itself of the privilege of conducting activities in Oregon.  *See Walden*, 134 S Ct at 1123 ("To be sure, a defendant's contacts with the forum State may be intertwined with his transactions or interactions with the plaintiff or other parties.  But a defendant's relationship with a plaintiff or third party, standing alone, is an insufficient basis for jurisdiction."); *Sciortino*, 2016 WL 4799099, at *7 ("That an employer acquiesced in allowing an employee to work remotely from a certain state is a coincidental, not purposeful or deliberate, contact by CMG with the forum.  It simply does not constitute deliberate affiliation by the employer with the forum state.  The jurisdictional premise advanced by the plaintiff rests on the mere fortuity of *the plaintiff* residing in Louisiana and cannot establish specific jurisdiction over CMG."); *FiLaser, Inc. v. Kinestral Tech., Inc.*, No. 3:14-CV-00357-MO, 2014 WL 3546946 (D Or July 15, 2014) (In the context of contractual purposeful availment analysis:  "Plaintiff's choices to take telephone calls and receive mail in Portland are immaterial.  * * * The actions of the defendant, not the residence or actions of the plaintiff, must bear minimum contacts with the forum state."); *Osborne v. Beacon Hill Staffing Grp.*, No. 3:13-CV-3820-L, 2014 WL 1724479 (ND Tex Apr. 30, 2014) (an applicant to a staffing agency found the position on Craigslist.com, applied, was denied a position, and sued defendant, but plaintiff failed to establish that defendant had sufficient minimum contacts with Texas because "[p]laintiff [did] not allege that [defendant] conducted any activities in Texas or intentionally targeted Texas residents.  Rather, he alleges only that [defendant] posted on

Page 14 -    Defendant's Motion to Dismiss

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

4814-2442-5795.1

Craigslist.com an advertisement for employment in an unspecified location * * * * That Plaintiff accessed the job posting on a website accessible to internet users everywhere does not indicate that [defendant] affirmatively sought to do business with a Texas resident").

Because SNHU did not purposefully direct its conduct toward Oregon, this Court does not have specific jurisdiction over SNHU, and this case should be dismissed.

c.    Plaintiff cannot establish that litigation of plaintiff's claims in Oregon was reasonably foreseeable to SNHU.

Under the second prong of the specific jurisdiction analysis, a plaintiff's claim must be one that arises out of or relates to the defendant's forum-related activities. *Menken v. Emm*, 503 F3d 1050, 1058 (9th Cir 2007). The Ninth Circuit has adopted a "but for" analysis to determine whether a plaintiff's claim arises out of a defendant's forum-related activities. *Id.* In Oregon, however, "the relatedness standard requires that the litigation must arise out of, or relate to, at least one of a nonresident defendant's activities in this state for [Oregon] courts to properly exercise specific jurisdiction." *Robinson v. Harley-Davidson Motor Co.*, 354 Or 572, 594, 316 P3d 287 (2013). "To meet that standard, the activity may not be only a but-for cause of the litigation; rather, the nature and quality of the activity must also be such that the litigation is reasonably foreseeable by the defendant." *Id.*

Plaintiff is unable to satisfy this prong for at least two reasons. First, SNHU performed no acts in Oregon related to the decision to hire someone other than plaintiff, as discussed above. Second, plaintiff's claim relates to SNHU's decisions to hire others (who did not live in Oregon) for positions that could have been performed at any location in the country. There is no basis for SNHU to have reasonably anticipated that it would be subject to litigation in Oregon because it reviewed the applications of potential candidates who live in multiple states across the country from locations outside Oregon and hired two non-Oregon residents for the positions.

Page 15 -   Defendant's Motion to Dismiss

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

4814-2442-5795.1

d.      The assertion of personal jurisdiction over SNHU would be unreasonable and inconsistent with due process.

Even if plaintiff could meet her burden of showing that SNHU purposefully directed its conduct at Oregon in a manner that would foreseeably lead to litigation in Oregon—which she cannot—it would be unreasonable to exercise jurisdiction over SNHU.  In determining whether it is reasonable to exercise specific jurisdiction, courts in the Ninth Circuit consider seven factors:  (1) the extent of a defendant's purposeful injection into the forum, (2) the burden on the defendant in defending in the forum, (3) the extent of conflict with the sovereignty of the defendant's state, (4) the forum state's interest in adjudicating the dispute, (5) the most efficient judicial resolution of the controversy, (6) the importance of the forum to the plaintiff's interest in convenient and effective relief, and (7) the existence of an alternative forum.  *Panavision Int'l, L.P. v. Toeppen*, 141 F3d 1316, 1323 (9th Cir 1998).

First, as discussed above, SNHU did not "purposefully inject" itself into Oregon—rather, SNHU posted openings for virtual positions that employees can perform from anywhere in the United States, and plaintiff, who happens to be an Oregon resident, applied for them.  To hold otherwise has serious implications for all entities that recruit for positions nationwide.  If the Court were to find that SNHU purposefully injected itself into Oregon by allowing candidates to apply from the state in which they reside and considering them for employment while they reside there, it logically follows that SNHU has essentially purposefully injected itself into any state or country from which a candidate may apply online and be considered.  This turns the concept of "minimum contacts" on its head and has the effect of potentially subjecting organizations like SNHU to a form of worldwide general jurisdiction based on the acts of others, rather than their own intentional conduct.

Second, the burden of litigating in Oregon would be great on SNHU—all of SNHU's administrators, general counsel, directors, and officers are in New Hampshire.  And a number of the employees who will be witnesses are located in New Hampshire or are otherwise

Page 16 -    Defendant's Motion to Dismiss

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

4814-2442-5795.1

located on the East Coast, as evidenced by the declarations submitted with this motion.  If this case goes forward, SNHU would likely be forced to arrange for these witnesses to travel back and forth from the East Coast on multiple occasions.

Third, litigating this matter in Oregon would interfere with the sovereignty of New Hampshire, which has a significant interest in regulating corporations that are incorporated and located within New Hampshire.

Fourth, SNHU sees little interest for Oregon in adjudicating the dispute—plaintiff sought employment from a New Hampshire university, and that university made hiring decisions in New Hampshire or otherwise outside the state of Oregon.  The fact that, had SNHU hired plaintiff for those positions, she would have chosen to perform them in Oregon does not provide Oregon courts with a significant interest in litigating those claims.

Fifth, it would be inefficient to litigate this case in Oregon.  Many of SNHU's potential witnesses including Dr. Edwards, Dr. Hill, and Dr. Batchelor—work in New Hampshire.  Edwards Decl. ¶ 2; Hill Decl. ¶ 2; Batchelor Decl. ¶ 2.  Two others work remotely in Vermont and Florida.  MacCarty Decl. ¶ 2; Lesniak Decl. ¶ 2.  Indeed, plaintiff is the only potential witness that SNHU is aware of with any ties to Oregon.  It can be expected that the attorneys in this matter may need to travel to the East Coast multiple times for depositions and that many witnesses would then need to travel to Oregon for trial.  This would lead to increased litigation costs and could lead to increased scheduling concerns.

Finally, although SNHU understands that plaintiff will stress that it is more convenient for her to litigate in Oregon, she chose to apply for virtual positions with a New Hampshire nonprofit educational institution.  Although SNHU disputes that she is entitled to any relief whatsoever, plaintiff could have brought claims and sought relief against SNHU in a court in New Hampshire.

Thus, it is unreasonable for this Court to exercise personal jurisdiction over SNHU.

Page 17 -   Defendant's Motion to Dismiss

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

4814-2442-5795.1

4.      **Amendment of the Complaint Would Be Futile.**

This Court's lack of personal jurisdiction over SNHU cannot be resolved by amendment of the Complaint because plaintiff could allege no facts that would give the Court jurisdiction.  SNHU is a nonresident with no physical presence in Oregon that would subject it to general jurisdiction in Oregon.  Further, plaintiff's claims are not related to SNHU's activities in Oregon or activities that SNHU purposefully directed toward Oregon.  Accordingly, allowing plaintiff to amend would be futile, and the Court should dismiss plaintiff's claims with prejudice for lack of personal jurisdiction.

Thus, SNHU's motion to dismiss for lack of personal jurisdiction should be granted and plaintiff's claims dismissed with prejudice.

B.      **MOTION TO TRANSFER VENUE**

If the Court disagrees with SNHU and concludes that it may exercise personal jurisdiction over SNHU, it requests that this Court transfer this matter to the United States District Court for the District of New Hampshire.  28 USC § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  Thus, this Court has "discretion to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness."  *Jones v. GNC Franchising, Inc.*, 211 F3d 495, 498 (9th Cir 2000) (internal quotation marks and citations omitted).  Factors that courts consider during this analysis include:

> "(1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof."  *Jones*, 211 F3d at 498–99.

Page 18 -   Defendant's Motion to Dismiss

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

4814-2442-5795.1

This action could have been brought in the District Court for the District of New Hampshire because (1) the only defendant in this matter is a resident of the District of New Hampshire and (2) "a substantial part of the events or omissions" allegedly giving rise to the claim—SNHU's hiring processes—occurred in New Hampshire. *See* 28 USC § 1391(b).  And the majority of the factors outlined above weigh in favor of transferring this action to the District of New Hampshire.  Thus, this matter should be transferred to the District of New Hampshire if this motion is not dismissed. *See generally Hudson v. Diversified Consultants, Inc.*, No. 6:16– CV–01252–TC, 2016 WL 6434971 (D Or Oct. 25, 2016) (relying on the *Jones* factors and granting a motion to transfer venue).

## V.     CONCLUSION

Because the Court does not have general or specific jurisdiction over SNHU, the Complaint against SNHU should be dismissed with prejudice.  Alternatively, this action should be transferred to the District Court for the District of New Hampshire because that is a more convenient forum.

DATED this 24th day of February, 2017.

MILLER NASH GRAHAM & DUNN LLP


s/Sharae M. Wheeler_____
Michelle Barton Smigel, P.C., OSB No. 045530
michelle.smigel@millernash.com
Sharae M. Wheeler, OSB No. 115525
sharae.wheeler@millernash.com
3400 U.S. Bancorp Tower
111 S.W. Fifth Avenue
Portland, Oregon  97204
Telephone:  (503) 224-5858
Fax:  (503) 224-0155

*Attorneys for Defendant*
*Southern New Hampshire University*

Page 19 -    Defendant's Motion to Dismiss

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

4814-2442-5795.1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I served the foregoing defendant's motion to dismiss on:

      Ms. Diane Schwartz Sykes
      Attorney at Law, PC
      5911 S.E. 36th Avenue
      Portland, Oregon  97206
      E-Mail: diane@dianessykeslaw.com

      *Attorney for Plaintiff*

by the following indicated method or methods on the date set forth below:

    ☒      **CM/ECF system transmission.**

    ☐      **E-mail.**  As required by Local Rule 5.2, any interrogatories, requests for production, or requests for admission were e-mailed in Word or WordPerfect format, not in PDF, unless otherwise agreed to by the parties.

    ☐      **Facsimile communication device.**

    ☒      **First-class mail, postage prepaid.**

    ☐      **Hand-delivery.**

DATED this 24th day of February, 2017.

                    s/Sharae M. Wheeler
                    Sharae M. Wheeler, OSB No. 115525
                    *Of Attorneys for Defendant*
                    *Southern New Hampshire University*

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

4814-2442-5795.1